# In the United States Court of Federal Claims

No. 12-628 C
(Filed: March 14, 2013)

```
*************************************
                                     *
JORDAN M. MESCHKOW,                  *
                                     *
                  Plaintiff,         *
                                     *
            v.                       *
                                     *
THE UNITED STATES,                   *
                                     *
                  Defendant.         *
                                     *
*************************************
```

*Jordan M. Meschkow*, Esq., Phoenix, AZ, Plaintiff, pro se.

*Cameron Cohick*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.


## OPINION

**DAMICH**, Judge:

The claims before the Court against the United States in this case stem from the alleged breach of a "Stipulation for Documents Under Seal" (the "agreement" or "stipulation") that Plaintiff, Jordan Meschkow, reached with the United States Trustee (the "Trustee") for the District of Arizona.[1]  The agreement was submitted to the United States Bankruptcy Court for the District of Arizona ("the bankruptcy court") in June 2011, approved by court order, and entered on the docket in an underlying bankruptcy proceeding.  It provided that Mr. Meschkow's response to an Order to Show Cause ("OSC") issued by the bankruptcy court would be made available to the Trustee but would otherwise be maintained under seal "except as such matters may be raised in court."  Compl., Exh. 2.

As a consequence of the alleged breach of the stipulation agreement, Mr. Meschkow alleges fourteen causes of action: takings under the Fifth Amendment to the United States Constitution (counts I-III), breach of contract (counts IV and X), a violation of the False Claims Act (count V), abuse of process (count VI), conversion (count VII),

---

[1] "The purpose of the U.S. [Trustee Program] is to ensure experienced administration of insolvent estates and relieve the bankruptcy judges of the conflicting administrative duties which have historically plagued bankruptcy judicial administration." 1 Bankruptcy Law Fundamentals § 4:11 ("The U.S. Trustee").

"evil mind" (count VIII), a violation of due process (count IX), criminal violations (counts XI-XIII), and assertion of all of the foregoing counts against specified individuals within the Office of the United States Trustee (count XIV).

The United States has filed a motion to dismiss Plaintiff's complaint in its entirety for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), on the grounds that the Stipulation was entered into by the United States in its sovereign capacity and thus that "all of the causes of action Mr. Meschkow asserts arise from, and are based upon, an alleged Government breach of a contract of a type that this Court has no jurisdiction to enforce." Def.'s Mot. to Dismiss Am. Compl. 1 ("Mot. to Dismiss"). Defendant further argues that each of the 14 counts also fails for additional jurisdictional defects. Moreover, Defendant seeks dismissal of counts I-V and X, pursuant to RCFC 12(b)(6), for failure to state claims upon which relief can be granted.

For the reasons stated below, the Court grants Defendant's motion to dismiss all of Plaintiff's counts for lack of jurisdiction.

I. Background

Plaintiff, Jordan M. Meschkow, is a resident of the State of Arizona and a lawyer who practices "predominantly Intellectual Property law and Litigation." Am. Compl. ¶ 3. In May 2011, Mr. Meschkow was the object of an Order to Show Cause ("OSC") issued by the bankruptcy court in a bankruptcy action in which he had been retained to represent the debtor. Compl., Exh. 4, ¶¶ 5, 23. He had also been retained by the debtor in a patent matter before the United States Patent and Trademark Office. *Id.*, Exh. 4, ¶ 7.

The bankruptcy court had authorized Mr. Meschkow to file his response to the OSC under seal. *Id.*, Exh. 2. The United States Trustee sought to have access to Mr. Meschkow's OSC response. *Id.* Accordingly, the Trustee and Mr. Meschkow reached an agreement, the Stipulation for Documents Under Seal, which provided that "copies of all things filed under seal relative to the OSC shall be provided to the United States Trustee and the United States Trustee shall maintain all such things and the information therein under seal unless otherwise allowed by the Court on notice to Mr. Meschkow." *Id.* The Stipulation further provided,

> For purposes of this stipulation, the term "maintaining under seal" shall mean the United States Trustee is not authorized to disclose any information in sealed documents provided to the United States Trustee by Mr. Meschkow to anyone other than employees of the Office of the United States Trustee and the United States Department of Justice except as such matters may be raised in Court.

*Id.*

On June 28, 2011, the bankruptcy court approved the Stipulation via an order entered on the bankruptcy case docket, "Order Approving Stipulation for Documents Under Seal." Compl., Exh. 3.  The court's order recited that the Stipulation was approved and further ordered "that any documents or information provided by Mr. Meschkow to the United States Trustee in relation to the said Order to Show Cause shall be maintained under seal by the United States Trustee." *Id*.

On January 3, 2012, the Trustee filed in the underlying bankruptcy action a motion seeking disgorgement of fees and expenses by Mr. Meschkow's law firm.  Am. Compl. ¶ 18.  The motion itself was not filed under seal.  Compl., Exh. 4.  Plaintiff here alleges that the Trustee's motion disclosed facts provided by Mr. Meschkow in his response to the OSC and thus violated the terms of the Stipulation as well as the bankruptcy court's order.  Am. Compl. ¶ 18.

On January 9, 2012, the Trustee filed a motion to enlarge the scope of the OSC. Am. Compl. ¶ 19.  This motion, too, was not filed under seal.  Mr. Meschkow alleges that this motion also disclosed facts previously provided by Mr. Meschkow in relation to the OSC and thus violated the terms of the Stipulation and the court's order.

II.   Legal Standards

It is well-established that subject-matter jurisdiction is "a threshold issue . . . and a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to t he merits." *PIN/NIP, Inc. v. Platte Chemical Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002) (internal citations omitted).  When jurisdiction is challenged, the inquiry thus goes not to whether a plaintiff will ultimately prevail, but whether this court has jurisdiction to hear the matter in the first instance.  *See Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "Without jurisdiction the court cannot proceed at all in any cause.   Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

In weighing a motion to dismiss for lack of subject-matter jurisdiction, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).  Nevertheless, when this court's jurisdiction is challenged, it is the plaintiff's burden to demonstrate jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

When a party is acting pro se, courts generally accord the party greater leeway than if he or she had professional representation.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc).

"While a court should be receptive," however, "to pro se plaintiffs and assist them," it must not cross the line between finder of fact and advocate. *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Moreover, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). It is immaterial here where Plaintiff, although acting pro se, is also a lawyer, because the court has no leeway in any event to bend any rules regarding subject matter jurisdiction.

Even where subject matter jurisdiction over a claim has been established, the claim may be subject to dismissal for "failure to state a claim upon which relief may be granted," pursuant to RCFC 12(b)(6). The allegations of the complaint are construed favorably to the pleader, *Scheuer*, 416 U.S. at 236, but the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III. Discussion

In its motion to dismiss, Defendant argues at the forefront that all 14 of Plaintiff's counts are based on "an alleged breach of a contract of a type that this Court has no jurisdiction to enforce." Mot. to Dismiss 6. Defendant reasons that because the United States is immune from suit except to the extent that it has waived its sovereign immunity, *United States v. King*, 395 U.S. 1, 3 (1969), jurisdiction in this court must be found under the terms of the waiver of sovereign immunity found in the Tucker Act, 28 U.S.C. § 1491(a)(1).

The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act itself, however, "does not create substantive rights. Rather, it is a jurisdictional provision 'that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts).'" *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)).

The Federal Circuit has explained that the substantive right must stem from another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbour, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994). The "other source of law," however, "need not *explicitly* provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Holmes*, 657 F.3d at 1309 (quoting *Navajo Nation*, 556 U.S. at 290).

    A.  Breach of Contract Claims

Defendant is accurate in identifying Plaintiff's allegations regarding breach of the Stipulation as the font of all of his causes of action. Presumably because a stipulation agreement can be considered a contract for enforcement purposes, *see Vandesande v. United States*, 673 F.3d 1342, 1350-51 (Fed. Cir. 2012), Defendant next characterizes the entirety of Plaintiff's complaint as essentially a breach of contract claim: "The contract the trustee allegedly breached is the stipulation agreement." Mot. to Dismiss 7. Then, having premised the "source of law" of Plaintiff's complaint for jurisdictional purposes as that of breach of contract, Defendant relies on the critical distinction between contracts in which the United States enters in a proprietary capacity and those it enters in its capacity as sovereign to argue that Plaintiff's entire claim lacks jurisdiction in the Court of Federal Claims. Proprietary contracts, such as when "the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves," are within this court's jurisdiction. *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981).

In contrast, as Defendant presses the point, "the government has not waived sovereign immunity for contracts that it makes in its sovereign, or governmental capacity." *Trudeau v. United States*, 68 Fed. Cl. 121, 127 (2005). The court concurs with Defendant's characterization of the Stipulation at issue here. It was an agreement between Plaintiff and the United States Trustee in an action in United States bankruptcy court. It related to a legal filing in that court by Plaintiff in response to the court's order to show cause and the trustee's use of that information and material in subsequent court proceedings. It did not involve any purchase or sale of goods or services or any other commercial arrangement between the parties to the Stipulation. The Stipulation made no mention of, nor can it fairly be construed by its terms as suggesting, any liability for money damages in the event of breach. The Stipulation, therefore, was entered into by the Government in its sovereign, not proprietary, capacity.

Accordingly, to the extent Plaintiff has raised any breach of contract claims in his complaint, the court finds that they are not within the jurisdiction of this court and must therefore be dismissed. Defendant, however, overreaches in its efforts to encompass all 14 counts within the bounds of a breach of contract claim. While all of Plaintiff's various counts do indeed stem from his allegations of a breach of the Stipulation, only two counts specifically sound in contract: Count IV ("Breach of Duty of Good Faith and Fair

Dealing") and Count X ("Anticipatory Breach"). The court hereby grants dismissal of these two counts.[2]

    B.  Takings Claims

In Counts I ("Taking of Personal Property I"), II ("Taking of Personal Property II"), and III ("Taking of Personal Property III"), Plaintiff asserts takings claims under the Fifth Amendment to the Constitution. In Count I, Plaintiff alleges that Defendant caused a taking by "[h]olding Plaintiff in money sanctions . . ." and that Defendant "wants to take away Plaintiff's law practice." Am. Compl. ¶¶ 24-26. In Count II, Plaintiff alleges that the Trustee's unsealed filing of the motion for disgorgement breached the terms of the Stipulation and thereby constituted a taking of "Plaintiff's documents and facts," facilitated the taking of Plaintiff's money (via the proposed disgorgement), and was being used to "take away Plaintiff's law practice." Am. Compl. ¶¶ 27-31. In Count III, Plaintiff makes allegations similar to those of Count II with respect to the Trustee's motion to enlarge the scope of the OSC. Am. Compl. ¶¶ 32-35.

As Defendant notes, however, there is a critical distinction between seeking redress for an alleged unauthorized governmental action, on the one hand, and just compensation for a taking, on the other. The two actions constitute "two separate wrongs that give rise to two separate causes of action." *Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1364 (Fed. Cir. 1998). "[A] property owner is free either to sue in district court for asserted improprieties committed in the course of the challenged action or to sue for an uncompensated taking in the Court of Federal Claims." *Id*. Because "a takings claims is separate from a challenge to the lawfulness of the government's conduct, *Acadia Tech. Co., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006), complaints "about the wrongfulness of the [government action] are therefore not properly presented in the context of a takings claim." *Id*. at 1331 (quoting *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352-53 (Fed. Cir. 2001); see also *John Corp. v. City of Houston*, 214 F.3d 573, 579 n.9 (supporting proposition that "the Takings clause presupposes legitimate government action"). Accordingly, a "claimant must concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993). Yet, here, Plaintiff's assertions of the wrongfulness of the Trustee's actions infuse all of his takings claims.

Because Plaintiff clearly avers that the actions of the United States Trustee were improper, unauthorized, and in violation of the Stipulation and the bankruptcy court's order authority, *see, e.g*., Am. Compl. ¶¶ 5, 6, 14, 18, 19, 20, 21, and 23, Counts I, II, and III of Plaintiff's complaint lack an essential element of a proper takings claim. Noting the observation in *Acadia* that the "Tucker Act does not create jurisdiction in the Court of Federal Claims for a party contesting the propriety of" the taking, *Acadia*, 458 F.3d at

---

[2] To the extent, however, that Plaintiff does construe his other counts as breach of contract actions, they too then are hereby dismissed, on these grounds, for lack of jurisdiction. Furthermore, having dismissed Counts IV and X for lack of jurisdiction, the court finds it unnecessary to render a determination on Defendant's alternative grounds of dismissal of these counts for failure to state a claim.

1331 (citing *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997)), Defendant argues for dismissal for lack of jurisdiction.

This court finds, however, that, in a takings claim where a plaintiff nevertheless contests the legality or propriety of the Government's actions, the claim must be dismissed, not due to lack of jurisdiction, but rather for failure to state claim on which relief can be granted. In *Acadia*, where the plaintiff alleged that the actions of the government agency in question, U.S. Border and Customs Protection ("Customs"), were unlawful, the court determined that its complaint "therefore does not form the basis for a legal claim under the Takings Clause of the Fifth Amendment," *id*. (citing *Lion Raisins v. United States*, 416 F.3d 1356, 1269 (Fed. Cir. 2005)), and affirmed the trial court's dismissal for failure to state a claim. *Id*. at 1334-35. As Federal Circuit in *Lion Raisins* court plainly stated, "We have made clear that a claim premised on a regulatory violation does not *state a claim* for a taking." *Lion Raisins*, 416 F.3d at 1269 (emphasis added); *accord Cherbanaeff v. United States*, 77 Fed. Cl. 490, 503 (2007), *Webster v. United States*, 74 Fed. Cl. 439, 448 (2006).

Accordingly, the court grants dismissal of Plaintiff's three takings claims for failure to state a claim.

In addition, to the extent that Plaintiff's Count I claims a taking based on a sanctions order issued by the bankruptcy court, this court lacks subject matter jurisdiction. As Defendant properly notes, the Court of Federal Claims "cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." *Vereda LTDA v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)); *accord Allustiarte*, 256 F.3d at 1352 (affirming that Court of Federal Claims lacked jurisdiction over Fifth Amendment challenges to the actions of bankruptcy courts).

As a final matter with respect to Plaintiff's takings claims, Defendant also seeks dismissal for failure to state a claim because Mr. Meschkow "does not make plausible allegations that any of his property was actually taken by the Government through its alleged breach of the stipulation agreement. The court concurs. Mr. Meschkow does not make any allegations that his "facts" and "documents" were taken away or appropriated in such a way as to diminish or preclude his own use thereof. Nor does he actually allege that the Government has taken any money or funds from him by the filing of the unsealed motions. For these reasons as well, the court grants dismissal of the takings claims pursuant to RCFC 12(b)(6).

    C.  False Claims Act Claim

In Count V, Mr. Meschkow asserts a claim against the United States under the False Claims Act, 31 U.S.C. §§ 3729-3732. While the False Claims Act "provides a framework for detecting fraud against the government," *LeBlanc v. United States*, 50 F.3d 1025, 1027 (Fed. Cir. 1995), the Court of Federal Claims does not have jurisdiction to consider Plaintiff's complaint in this regard. This court concurs with the holding in *Griffin v. United States*, 96 Fed. Cl. 1, 8 (2010), that "monetary recovery from the

government" under the False Claims Act "is only authorized for qui tam plaintiffs," pursuant to 31 U.S.C. § 3730(d), and such actions may only be heard in United States district courts, not in the Court of Federal Claims. *See Schweitzer v. United States*, 82 Fed. Cl. 592, 595-96 (2008); *LeBlanc*, 50 F.3d at 1031. Count V is accordingly dismissed for lack of jurisdiction.[3]

### D. Tort Claims

In Count VI, Plaintiff makes a claim for abuse of process; in Count VII, for conversion. Abuse of process is a tort claim. *Lowe v. United States*, 76 Fed. Cl. 262, 265 (2007). Conversion, similarly, is a tort claim. *Block v. United States*, 66 Fed. Cl. 68, 72 (2005). It is well-established, however, that this court lacks jurisdiction over claims that sound in tort. *Arbelaez v. United States*, 94 Fed. Cl. 753, 761 (2010). The court, therefore, grants dismissal of Counts VI and VII for lack of subject matter jurisdiction.

### E. Evil Mind

Plaintiff's Count VIII, entitled "Evil Mind," alleges that Defendant "intended to cause injury," Compl. ¶ 62, was motivated by "spite or ill will," Compl. ¶ 63, and "consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others, just so Defendant could take money from Plaintiff, and Plaintiff's law practice, Compl. ¶ 64. To the extent Plaintiff is thereby alleging tortious action, his claim is dismissed, as in Counts VI and VII, for lack of jurisdiction over actions sounding in tort.

Defendant suggests that Plaintiff in this count is seeking punitive damages, noting that "proof of a defendant's 'evil mind' by clear and convincing evidence is a prerequisite for an award of punitive damages under Arizona law." Mot. to Dismiss 17, citing *Holy Trinity Greek Orthodox Church v. Church Mut. Ins. Co.*, 476 F. Supp.2d 1135, 1140 (D. Ariz. 2007). This court, however, lacks jurisdiction to award punitive damages. *Wickliffe v. United States*, 102 Fed. Cl. 102, 110 (2011). Furthermore, this court lacks jurisdiction over state law claims. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). To the extent that Plaintiff's Count VIII is a claim for punitive damages or a state law claim, it is dismissed for lack of jurisdiction.

### F. Due Process

Plaintiff's claim, in Count IX, that defendants are liable for violation of due process must also be dismissed for lack of subject matter jurisdiction as it is well-settled that this court does not have jurisdiction for claims based upon the due process clauses of the Fifth and Fourteenth Amendments. *LeBlanc*, 50 F.3d at 1028; *Collins v. United States,* 67 F.3d 284, 288 (Fed. Cir. 1995); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988*).* The Federal Circuit has repeatedly held that these Amendments do not

---

[3] Because the court grants Defendant's motion for dismissal of this count for lack of jurisdiction, it finds it unnecessary to reach Defendant's alternative ground of dismissal for failure to state a claim. Additionally, the court denies Plaintiff's cross-motions, which border on the frivolous, to strike Defendant's motion to dismiss and to disqualify and assess sanctions against counsel for Defendant.

mandate a right to recover money damages from the Federal Government. *Id*. Count IX is accordingly dismissed for lack of jurisdiction.

      G.  Criminal Claims

In Count XI, Plaintiff's alleges "Racketeering Extortion" and, in Count XIII, Plaintiff alleges theft, both counts under Arizona law. The court lacks jurisdiction, however, over state law claims. *Souders*, 497 F.3d at 1307. In Count XII, Plaintiff alleges a violation of the federal Racketeer Influence and Corrupt Organization act ("RICO"), 18 U.S.C. § 1964, a criminal statute which plainly vests jurisdiction in the United States district courts. It is well-settled in any event that this court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Plaintiff's three criminal counts are dismissed for lack of jurisdiction.

      H.  Claims against Individuals

Plaintiff's final count, Count XIV, incorporates all of his prior counts and asserts them "as conspired to" by certain named individuals, "if not all," within the U.S. Trustee's Office. Compl. ¶ 88. This court's jurisdiction, however, is limited to claims against the United States. 28 U.S.C. §1491(a); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("Stated differently for the benefit of *pro se* plaintiffs, the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"). Count XIV is also dismissed for lack of jurisdiction.

IV.    Conclusion

Defendant's motion is granted as follows: Counts I through III are hereby dismissed for failure to state a claim on which relief be granted; Counts IV through XIV are dismissed for lack of jurisdiction.

The Clerk of Court is directed to dismiss the entirety of Plaintiff's complaint accordingly.

                                          s/ Edward J. Damich
                                          EDWARD J. DAMICH
                                          Judge